UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOMINGO JACOBO CASTILLO,<br><br>　　　　　Defendant. | No. CR-04-2157-FVS<br><br>ORDER DENYING<br>MODIFICATION OF SENTENCE |

**THIS MATTER** comes before the Court without oral argument based upon Domingo Jacobo Castillo's motion to modify his sentence. He is representing himself.

**BACKGROUND**

On November 15, 2004, Domingo Jacobo Castillo was arraigned in CR-04-2157-FVS on a charge of possession of a firearm by a prohibited person. 18 U.S.C. § 922(g)(5). He was detained pending further proceedings. He was entitled to credit for the time he served in detention. 18 U.S.C. § 3585(b). *Cf. United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (the Attorney General, through the Bureau of Prisons, calculates credit in the first instance). Ultimately, Mr. Castillo pleaded guilty. On July 14, 2005, he was sentenced to a term of 46 months imprisonment. The 46-month prison term was to run concurrently with a 240-month prison term

Order - 1

that had been imposed in CR-04-2049-WFN on March 29, 2005.  Mr. Castillo appealed his conviction in CR-04-2157-FVS.  The Ninth Circuit affirmed in an unpublished memorandum decision.  Mandate issued on September 10, 2007.  On June 3, 2013, Mr. Castillo filed a motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c).

**RULING**

"In general, federal courts lack jurisdiction to 'modify a term of imprisonment once it has been imposed.'" *United States v. Austin*, 676 F.3d 924, 928 (9th Cir. 2012) (quoting 18 U.S.C. § 3582(c)).  There are, however, three circumstances in which modification is permitted:  "(1) when the Bureau of Prisons moves for a reduction based on a finding that special circumstances warrant it, (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35, or (3) when a defendant was sentenced based on a sentencing range that is subsequently lowered." *United States v. Bloomgren*, No. 12-8018, 2012 WL 3038570, at *1 (10th Cir. July 26, 2012) (unpublished) (citing § 3582(c)).  Mr. Castillo is attempting to invoke the third exception.  His request for modification faces two obstacles.

Section 3582(c) is limited to situations in which the moving party is serving a federal prison sentence; that is to say, some part of his federal prison sentence could be eliminated.  Once a person has completed his federal prison sentence, it no longer exists except as a painful memory.  He may have to serve some

other prison sentence, but he will never have to re-serve the federal prison sentence he has completed.  Since the now-completed sentence has been fully served, it cannot be modified.  Nothing remains.  Any injury the person has suffered cannot be redressed by § 3582(c) because § 3582(c) offers relief only to that prisoner who is in the process of serving a federal prison sentence.  This is the first of the two obstacles Mr. Castillo faces.  On July 14, 2005, he was sentenced to a term of 46 months imprisonment in the instant case, *i.e.*, CR-04-2157-FVS.  His 46-month sentence ran concurrently with a 240-month sentence that had been imposed previously in CR-04-2049-WFN.  Almost 96 months have elapsed since Mr. Castillo began serving his sentence in the instant case.  It seems likely he completed his 46-month sentence long ago.  Thus, there is no longer a prison sentence in the instant case for the Court to modify.

   There is a second obstacle.  Let us assume, for purposes of argument, some portion of Mr. Castillo's 46-month sentence remains to be served.  He still must satisfy the requirements of § 3582(c)(2).  In order to do so, he must demonstrate he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  To date, he has failed to satisfy this requirement.  He has not identified an amendment to the Sentencing Guidelines that both applies to his

Order - 3

case and has taken effect since he was sentenced.  Thus, he is not eligible for relief under § 3582(c).

**IT IS HEREBY ORDERED:**

1. The defendant's "Motion to Depart Downward" (**ECF No. 72**) is **denied.**

2. The United States need not respond to the defendant's "Administrative Notice and Demand for Identification and Credentials" (ECF No. 73).

3. The United States need not respond to the defendant's interrogatories (ECF No. 74).

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the United States.

**DATED** this ___7th___ day of June, 2013.

                    s/Fred Van Sickle
                       Fred Van Sickle
       Senior United States District Judge